IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:14CV325-RJC-DSC

| | |
|---|---|
| CHARLES W. KISER, JR., <br> Plaintiff, <br> <br> vs. <br> <br> CAROLYN W. COLVIN, <br> **Commissioner of Social** <br> **Security Administration,** <br> Defendant. | ) <br> ) <br> ) <br> ) **MEMORANDUM AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #7) and "Memorandum ... in Support ..." (document #8), both filed June 22, 2015, Defendant's "Motion for Summary Judgment" (document #9) and "Memorandum in Support ..." (document #10), both filed August 18, 2015, and Plaintiff's "Response …" (document #11) filed September 4, 2015. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on April 21, 2015, this matter was ripe upon the filing of Plaintiff's Response brief. On September 8, 2015, the Court granted the parties leave to file supplemental briefs limited to addressing the potential impact of the Court of Appeals' decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Neither party filed a supplemental brief. See document #12.

1

decision be affirmed.

## I. PROCEDURAL HISTORY

On April 11, 2011, Plaintiff filed an application for a period of disability and Social Security Disability Insurance Benefits ("DIB") alleging that he became disabled on September 13, 2010. (Tr. 166-74). The application was denied initially and upon reconsideration. (Tr. 76-84, 86-92). Plaintiff requested a hearing which was held on January 22, 2013. (Tr. 34-52).

On May 8, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 20-33). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 25). The ALJ also found that Plaintiff suffered from degenerative disc disease and obesity, which were severe impairments within the meaning of the regulations (Tr. 25), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 26). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform light work,[3] with restrictions for changing positions at will between sitting and standing, no climbing ladders, ropes, or scaffolds, and only occasionally climbing ramps or stairs. (Tr. 26-29). The ALJ found that Plaintiff could not perform his past relevant work as a security service technician. (Tr. 29).

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ('V.E.") identified jobs (storage worker, coin collector, and parking lot cashier) that Plaintiff could perform. The V.E. stated that 4,890 of those jobs existed in North Carolina. (Tr. 50-52).

Based upon this testimony, the ALJ found that there were a significant number of jobs in the regional and national economy that Plaintiff could perform. (Tr. 29-30). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 30).

On May 20, 2013, Plaintiff filed a Request for Review. (Tr. 18-19). Plaintiff included letters from treating physicians Doctors Mark Tiffany and Bruce Darden. (Tr. 351-353).

On August 4, 2014, the Appeals Council accepted those letters as additional evidence but denied Plaintiff's Request for Review. (Tr. 3-7).

Plaintiff filed the present action on December 29, 2014. He assigns error generally to the ALJ's evaluation of the evidence and specifically to the Appeals Council's determination that his additional evidence did not warrant remand. See Plaintiff's "Memorandum … in Support ..." at 2-8 (document #8). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th

Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes. Plaintiff generally argues that the ALJ erred in assessing the evidence. The Court treats his argument as a challenge to the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2012), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history, as discussed below.

Plaintiff specifically assigns error to the Appeals Council's determination that the letters

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

from Doctors Tiffany and Darden did not warrant remand. See Plaintiff's "Memorandum … in Support ..." at 5-8 (document #8). The Fourth Circuit has held that a treating physician's opinion need not be accorded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

The Appeals Council may receive and incorporate evidence into the record that was not before the ALJ. Meyer v. Astrue, 662 F.3d 700, 704-07 (4th Cir. 2011) (remand required only when ALJ's decision does not include an "adequate explanation" or is not supported by substantial evidence) (citing 20 C.F.R. §§ 404.968 (a), 404.970(b)). After accepting new and material evidence, the Appeals Council renders its decision based upon "the entire record including the new and material evidence." Id. at 705 (quoting 20 C.F.R. § 404.970(b)). After considering all the evidence, including any new evidence, the Appeals Council may deny the request for review without explanation if it finds that the ALJ's action, findings, and conclusions were not contrary to the weight of the evidence. Id. On appeal, the District Court reviews the record as a whole, including any new evidence, to determine if the ALJ's decision is supported by substantial evidence. Id. at 707; Wilkins v. Sec'y, Dept. of Health & Human Svcs., 953 F.2d 93, 96 (4th Cir.

1991).

The new evidence at issue here consists of letters from Dr. Tiffany, a pain management specialist, and Dr. Darden, an orthopedic surgeon. Dr. Darden operated on Plaintiff in 1990 and saw him three times in 2010. (Tr. 351-353). These letters constitute new evidence since there is no other opinion from either doctor in the record. Wilkins, 953 F.2d at 96. However, this evidence is not material because it does not create any reasonable possibility that the outcome would have changed had the letters been available to the ALJ. Wilkins, 953 F.2d at 96 (new evidence is material if there is "a reasonable possibility that the new evidence would have changed the outcome" of the ALJ's decision); Savage v. Colvin, No. 3:12-CV-00394-RJC-DCK, 2013 WL 4495194, at *5 (W.D.N.C. Aug. 19, 2013) (same).

The ALJ adequately stated the reasons for his decision, which are supported by substantial evidence. (Tr. 26-29). The ALJ analyzed Plaintiff's activities of daily living, noting that he could "help care for his children, shower/dress himself, cook simple meals, drive short distances, grocery shop, manage funds/pay bills, spend time with others, attend [c]hurch regularly, and handle changes in routine fairly well." (Tr. 27 (citing Tr. 196-203)). He also observed that Plaintiff was able to perform at least some work in late 2010 and early 2011 despite his limitations. (Tr. 27 (citing Tr. 184)).

The ALJ also cited evidence of Plaintiff's improvement with treatment, and the fact that his pain was relieved with medication. (Tr. 27 (citing Tr. 319, 321)). The ALJ also cited objective evidence undermining Plaintiff's claim of total disability, including evidence of a normal gait; no acute distress; an ability to tandem walk, shift weight, and rise from sitting to standing; and "mild"

7

to "moderate" findings on MRI reports at a time when Plaintiff continued to work. (Tr. 27 (citing 265, 266, 267)).

The ALJ summarized Plaintiff's treatment with Dr. David Spivey, a pain management specialist. (Tr. 28). Dr. Spivey's objective findings on examination were grossly normal. He noted that Plaintiff had normal gait and station; had "excellent" range of motion; no tenderness; normal neurological findings; and was able to walk heel to toe. (Tr. 28 (citing Tr. 282)).

The ALJ discussed Plaintiff's treatment with Dr. Tiffany. (Tr. 28). Dr. Tiffany found that Plaintiff "was able to complete activities of daily living." He also found that Plaintiff experienced good results from medication management, had a normal gait, showed no signs of being distressed, and could rise from a seated position without difficulty. (Tr. 28 (citing Tr. 317-339)). These findings conflict with Dr. Tiffany's subsequent opinion that Plaintiff was unable to work.

The ALJ discussed Dr. John Earl's records, noting that Plaintiff improved with treatment and that his spinal impairments did not prevent him from engaging in at least some work activity. (Tr. 28 (citing Tr. 291-293, 308, 310)).

The new evidence is also immaterial because it relates to Plaintiff's condition after the date of the ALJ's decision. The Appeals Council's duty to consider new evidence applies only when such evidence "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. §§ 404.970(b), 404.976(b). Evidence pertaining to the period of time after the ALJ decision is immaterial to the claimant's case because there "is no connection between [the] opinion and the period that was considered by the ALJ." Dade v. Colvin, No. 1:14-cv-00134-MOC, 2015 WL 506450, at *4 (W.D.N.C. Feb. 6, 2015).

The ALJ's issued his decision on May 8, 2013. (Tr. 30). Doctors Darden and Timothy wrote their letters on August 16 and 21, 2013, respectively. (Tr. 351, 353). Both letters describe Plaintiff's condition as of the time they were written. (Tr. 351, 353). There is no indication that the doctors' opinions were meant to apply retroactively. Therefore, there is no connection between this new evidence and the period of time under consideration by the ALJ. Dade, 2015 WL 506450, at *4.

In large part, the doctors' opine on the ultimate issue of Plaintiff's disability. According to 20 C.F.R. § 404.1527(d)(1), it is the Commissioner's responsibility to resolve that issue. Statements that an individual is "disabled" or "unable to work" are not medical opinions that the ALJ must consider. 20 C.F.R. § 404.1527(d). Nor can such statements be given any "special significance." 20 C.F.R. § 404.1527(d)(3); see also Morgan v. Barnhart, 142 F. App'x 716, 722 (4th Cir. 2005) (affirming ALJ's refusal to accord special weight to opinions offered by medical sources that: (1) the claimant "probably qualifies for disability"; (2) "[claimant's] functional capacity evaluation basically figures that she can't work a total of an 8 hour day"; and (3) the claimant might be able to "do modified duty . . . but it would probably be a 4 hour day.").

Dr. Tiffany's statements that Plaintiff was "unemployable" while taking certain medication that "would dramatically affect his ability to find gainful employment as a direct result of his injury and disability" and that he would not be "employable any time in near future" were not medical opinions and entitled to no weight. (Tr. 351). Likewise, Dr. Darden's statement that Plaintiff could not tolerate sedentary work and was "not suitable for any employment at this time" was not entitled to weight by the ALJ. (Tr. 353).

9

Dr. Tiffany's opinion was also based on Plaintiff's subjective reports about his condition. He concluded that "[b]etween Mr. Kiser's subjective complaints of limited functionality" and his need for continuous narcotics to control his pain, he would not be "employable any time in near future." (Tr. 351). The ALJ did not have to assign significant weight to a statement based upon Plaintiff's subjective reports. See Mitchell v. Astrue, No. 2:11-cv-00056-MR, 2013 WL 678068, at *8 (W.D.N.C. Feb. 25, 2013) (refusing to treat as a medical opinion physician's statement that claimant "probably has a great deal of pain and loss of stamina"); see also Love-Moore v. Colvin, No. 7:12-CV-104-D, 2013 WL 5366967, at *11 (E.D.N.C. Aug. 30, 2013), adopted by 2013 WL 5350870 (E.D.N.C. Sept. 24, 2013), aff'd sub nom. Moore v. Colvin, 584 F. App'x 155 (4th Cir. 2014) ( "a doctor's recording of a patient-claimant's subjective complaint is not a medical opinion entitled to any deference") (internal quotations omitted).

As discussed above, a treating source's opinion may be given controlling weight only when it is "well-supported by acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Dr. Tiffany's letter is inconsistent with his own treatment notes. Despite the significant limitations set forth in his August 21, 2013 letter, Dr. Tiffany consistently noted that Plaintiff "had good relief with his pain medications" and was "fully functional." (Tr. 318, 319, 322, 324, 325, 327, 331, 334, 336). The same series of treatment notes states that Plaintiff: (1) was able to perform activities of daily living "without any difficulties," (2) was "in no acute distress," (3) was not "overly sedated," (4) was "non-lethargic," and (5) "had a normal gait and no difficulties rising from a seated position." (Tr. 319, 322, 324, 325, 327, 331, 334, 336). While Dr. Tiffany purported to

base his conclusions on side effects of Plaintiff's medication, he repeatedly noted that Plaintiff "denie[d] any adverse effects from his medications." (Tr. 322, 325, 327, 329, 331, 336). Accordingly, Dr. Tiffany's letter was not supported by his own clinical findings.

Similarly Dr. Darden's treatment notes offer no support for his August 16, 2013 letter. Dr. Darden wrote that Plaintiff could not stand for more than an hour at a time and could not "stand and walk any distance." (Tr. 353). His treatment notes reflect the opposite. When Dr. Darden saw him on March 12, 2010, Plaintiff "moved easily from sitting to standing and walk[ed] with a normal gait without balance disturbance." (Tr. 267). While there was some pain reported with range of motion testing, nearly all of the findings were within normal limits. (Tr. 267). Dr. Darden recommended treatment with an electronic muscle stimulator and massage. (Tr. 267). He did not recommend surgery. (Tr. 267). At two subsequent appointments, Dr. Darden continued to make grossly normal findings on examination, advised against surgery, and cautioned Plaintiff about the continued use of narcotic pain medication. (Tr. 264-265). While Dr. Darden stated that the continued use of narcotic pain medications would cause problems with concentration, Dr. Tiffany's notes reflect Plaintiff's denial of any "adverse side effects" from his pain medication. (Tr. 322, 325, 327, 329, 331, 336).

Neither doctor addressed the time lapse between Plaintiff's last examination and the date of their letters. Dr. Tiffany's last saw Plaintiff in August 2012, almost a year before his August 2013 letter. (Tr. 327-328, 351). The most recent records from Dr. Darden date from September 2010, nearly three years before his August 2013 letter. (Tr. 264, 353). These time frames further undermine the reliability of the reports. For these reasons, substantial evidence supports the

11

Appeals Council's decision not to afford controlling weight to the doctors' letters.

Plaintiff also contends that the letters rebut the ALJ's finding that no treating or examining physician found him disabled. That finding was accurate when the ALJ issued his decision. As discussed above, the doctors' letters were written months after the ALJ's decision and nearly one to three years after their last examinations of Plaintiff. The letters also improperly addressed the ultimate issue of Plaintiff's ability to work. Finally, both letters were contradicted by the examination findings contained in the doctors' notes. The undersigned concludes that the ALJ's decision is supported by substantial evidence.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #7) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #9) be **GRANTED**; and that the Commissioner's

determination be **AFFIRMED.**

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: October 13, 2015

David S. Cayer
United States Magistrate Judge