UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:14-cv-325-RJC-DSC

| | |
|---|---|
| CHARLES W. KISER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 7, 8); Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 9, 10); Plaintiff's Response in Opposition to Defendant's Motion, (Doc. No. 11); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13); Plaintiff's Objection to the M&R, (Doc. No. 14); and Defendant's Reply to Plaintiff's Objection, (Doc. No. 15). The M&R recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed. (Doc. No. 13). The issues have been fully briefed and are ripe for adjudication.

**I. Background**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. The Court thus adopts the facts as set forth in the M&R and takes notice of the documents filed thereafter.

## II. Standard of Review

The district court may assign dispositive pretrial matters pending before the Court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. §§ 636(b)(1)(A)–(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. In determining whether a decision is supported by substantial evidence, the district court "'review[s] the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated into the Administrative Record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991)). Provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. Discussion

Plaintiff does not contend that the ALJ's original decision was unsupported by substantial evidence. Rather, relying upon Meyer v. Astrue, Plaintiff argues that additional evidence submitted after the ALJ's decision renders the decision unsupported by substantial evidence and requires remand because a reviewing court may not assess the weight and probative value of that evidence. (Doc. No. 14 at 1–3).

If an ALJ finds that a claimant is not disabled, the claimant may request that the Appeals Council review that decision. Meyer, 662 F.3d at 704. Upon receiving such a request, the Appeals Council "'may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case.'" Id. (quoting 20 C.F.R. § 404.967). When

requesting a review, a claimant may submit additional evidence that was not previously before the ALJ. Id. (citing 20 C.F.R. §§ 404.968, 404.970(b)). Before considering any additional evidence, the Appeals Council must first determine "if the submission constitutes 'new and material' evidence that 'relates to the period on or before the date of the [ALJ's] hearing decision.'" Id. at 704–05 (quoting 20 C.F.R. § 404.970(b)). "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable probability that the new evidence would have changed the outcome.'" Id. at 705 (quoting Wilkins, 953 F.2d at 96). If the evidence is new, material, and relates to the time period relevant to the ALJ's decision, then the Appeals Council should "evaluate the entire record including the new and material evidence." 20 C.F.R. § 404.970(b).

After evaluating the records, "if the Appeals Council finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record, it will grant the request for review and either issue its own decision on the merits or remand the case to the ALJ." Meyer, 662 F.3d at 705. If, however, the Appeals Council does not so find, it can simply deny the request for review without explaining any rationale for the denial. Id. The Fourth Circuit has noted that, although "an express analysis of the Appeals Council's determination would be helpful," the "lack of such additional fact finding does not render judicial review 'impossible'—as long as the record provides 'an adequate explanation of [the Commissioner's] decision.'" Id. at 706–07 (quoting Martinez v. Barnhart, 444 F.3d 1201, 1207–08 (10th Cir. 2006)). Therefore, a reviewing court should affirm an ALJ's denial of benefits after reviewing additional evidence presented to the Appeals Council if substantial evidence supports the ALJ's findings. Id. at 707.

After conducting a hearing, the ALJ issued his decision denying Plaintiff's application for disability benefits. In making the required RFC determination, the ALJ considered all the medical records and treatment notes pertaining to Plaintiff's alleged limitations. (Doc. Nos. 5 to 5-8: Administrative Record ("Tr.") at 27–28). The ALJ noted that Plaintiff had "complained of limitations in standing, walking, sitting and functioning caused by [degenerative disc disease ("DDD")] and neuropathy." (Tr. 27). However, after analyzing and discussing the record evidence, the ALJ concluded that Plaintiff "was able to physically function, even with his impairments, and that [Plaintiff's] medical conditions improved with treatment." (Id.). In his discussion, the ALJ specifically discussed medical opinions from Dr. Bruce Darden, an orthopedic surgeon, and Dr. Mark Tiffany, a pain management specialist, both of whom had been Plaintiff's treating physicians. In discussing Dr. Darden's opinion, the ALJ noted that "probative test results support[ed] a finding of severity, but not a finding of disability," that Dr. Darden's notations suggested Plaintiff's spinal condition improved with treatment, and that Plaintiff had been working, which indicated he was able to participate in vocational activity. (Tr. 27). The ALJ also addressed Dr. Tiffany's treatment notes indicating that Plaintiff was stable physically and able to complete activities of daily living and that Plaintiff obtained good results from his medications. This record evidence, among other evidence, led the ALJ to conclude that Plaintiff's impairments were well-managed by treatment. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (stating that a symptom is not disabling if it can be reasonably controlled by medication or treatment).

After filing his request for reconsideration of the ALJ's decision, Plaintiff submitted additional evidence to the Appeals Council for consideration. (Tr. 351–53). The additional evidence consisted of a letter from Dr. Tiffany and a letter from Dr. Darden, both of which were

written after the ALJ issued his decision. (Id.). Dr. Tiffany's letter states that he has tried multiple interventions to improve Plaintiff's pain and functionality without much success and that Plaintiff "is currently taking fairly high dose narcotics." (Tr. 351). The letter also reports Plaintiff's subjective complaint that "he is rarely able to function for more than an hour or two on his feet." (Id.). Based upon Plaintiff's subjective complaints, Dr. Tiffany opines that he could not envision Plaintiff working "any time in the near future" and that Plaintiff "will be dependent on narcotics indefinitely," which could affect Plaintiff finding gainful employment. (Id.).

Dr. Darden's letter indicates that Plaintiff is having pain, numbness, and tingling in his legs, that he is unable to sit for more than an hour or so and cannot stand and walk any distance due to the numbness and tingling in his legs, and that he is having concentration problems due to his pain medication. (Tr. 353). Based upon Plaintiff's subjective complaints, Dr. Darden opines that he does not foresee Plaintiff's problems changing at all and that he does not think Plaintiff is suitable for any employment at this time. (Id.).

Plaintiff argues that remand is warranted because the additional evidence renders the ALJ's decision unsupported by substantial evidence. (Doc. No. 14 at 1). Defendant counters that the additional evidence is not new, material, and related to the time period relevant to the ALJ's decision. (Doc. No. 15 at 1–2). After reviewing the record, including the additional evidence, the Court finds that the ALJ's decision is supported by substantial evidence, and the submission of these additional letters does not undermine the substantial evidence supporting the ALJ's decision.

Dr. Tiffany's and Dr. Darden's original opinions were available to and were considered by the ALJ. The ALJ explicitly discussed the doctors' opinions and relied on them to support his

decision, (Tr. 27–28), and the additional letters largely consist of cumulative evidence from those original opinions. Additionally, much of the doctors' statements in the letters opine on the ultimate issue of Plaintiff's disability. The issue of disability is the Commissioner's responsibility to resolve, and statements that an individual is "disabled" or "unable to work" are not medical opinions that the ALJ must consider. 20 C.F.R. § 404.1527(d). Furthermore, the doctors' statements merely record Plaintiff's subjective complaints regarding his impairments. Doctors' recordings of such complaints are not medical opinions entitled to any special deference. Love-Moore v. Colvin, No. 7:12-CV-104-D, 2013 WL 5366967, at *11 (E.D.N.C. Aug. 30, 2013), adopted by, 2013 WL 5350870 (E.D.N.C. Sept. 24, 2013), aff'd sub nom. Moore v. Colvin, 584 F. App'x 155 (4th Cir. 2014). Finally, a treating source's opinion may be given controlling weight only when it is "well-supported by acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). As Plaintiff admits, (Doc. No. 14 at 3), some of the statements offered in Dr. Tiffany's and Dr. Darden's letters are inconsistent with substantial record evidence. The statements are also unsupported by clinical or laboratory diagnostic techniques; therefore, these opinions are not entitled to controlling weight. In light of these facts, the Court finds that the additional evidence does not create any reasonable possibility that the outcome would have changed had the letters been available to the ALJ. Wilkins, 953 F.2d at 96.

Consequently, the Court finds that the additional evidence does not change the fact that the ALJ's decision is supported by substantial evidence. The record already contained Dr. Tiffany's and Dr. Darden's opinions before they submitted their additional letters after the fact. Moreover, much of their opinions remained unchanged between the treatment notes and letters, and the portions of the letters that modified their original opinions were either inconsistent with

their prior treatment notes or were opinions on the ultimate issue of disability. After reviewing the additional evidence, the Appeals Council found that the ALJ's action, findings, or conclusion were not contrary to the weight of the evidence. (Tr. 3–4). Therefore, consistent with the holding in Meyer, the Appeals Council was not required to provide an explanation for its denial of review, and remand is not warranted. Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence, and Plaintiff's objections are overruled.

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **DENIED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**; and

4. The Clerk of Court is directed to close this case.

Signed: March 8, 2016

Robert J. Conrad, Jr.
United States District Judge